IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE TOZER<br>*Plaintiff* | : | CIVIL ACTION |
| | : | |
| | : | NO. 13-2005 |
| v. | : | |
| | : | |
| DARBY PA, *et al.*<br>*Defendants* | : | |
| | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                    March 6, 2014

## MEMORANDUM OPINION

### INTRODUCTION

Before the Court is a motion to dismiss filed by Darby Township (a municipality in the Commonwealth of Pennsylvania) and Robert H. Thompson, Chief of Police for the Darby Township Police Department, (collectively, "Moving Defendants"), pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6), which seeks the dismissal of the §1983 claims asserted against them on the basis of the expiration of the statute of limitations. [ECF 21]. Stephanie Tozer ("Plaintiff") opposes the motion [ECF 27], making the motion to dismiss ripe for consideration.

For the reasons stated herein, the motion to dismiss is granted.

### BACKGROUND

On April 15, 2013, Plaintiff filed a civil rights action asserting various 42 U.S.C. §1983 ("§1983") and state law claims against Moving Defendants and Kevin Walker. Briefly, the federal causes of action asserted are: conspiracy to violate the rights secured by the Fourth, Fifth and Fourteenth Amendments of the Constitution; violation of the right to be secure from unreasonable search and seizure, and freedom from arrest; violation of equal protection; and

failure to train and supervise (*i.e.*, a *Monell* claim). The state law causes of action asserted are: negligence, assault, intentional infliction of emotional distress, false imprisonment, false arrest and harassment. [ECF 1]. The complaint was amended on April 25, 2013. [ECF 3].

Defendants filed the instant motion to dismiss on October 31, 2013.[1] When ruling on this motion, this Court must accept, as true, the relevant allegations in Plaintiff's amended complaint, *to wit*:

> Sometime in August 2009, Plaintiff and Clarence Hutt were taken into custody by Darby Township Police Officer Kevin Walker ("Defendant Walker"), and detained for several hours in a cell at the Darby Township Police Station. (Amended Comp. ¶¶9-10). While detained, Defendant Walker and an unnamed officer ordered Plaintiff to expose her breast under the guise that this was part of their required search. (*Id.* ¶11). Fearing for her safety, Plaintiff complied and exposed her breast. (*Id.* ¶13).
>
> In October 2009, Plaintiff was with another friend in Darby Township, when Defendant Walker approached and arrested Plaintiff's friend for possession of alcohol and marijuana. (*Id.* ¶15) Although Plaintiff possessed neither item, Defendant Walker placed Plaintiff in custody for several hours. (*Id.* ¶16). While in custody, Plaintiff was told by an unnamed officer that she would only be released after she exposed her breast to Defendant Walker. (*Id.* ¶16). Fearful of the police, Plaintiff exposed her breast and was then released from custody. (*Id.* ¶17).
>
> Sometime thereafter, Defendant Walker's conduct was reported to the Darby Township Chief of Police by Leroy Jay, a friend of Plaintiff. (*Id.* ¶19).
>
> On four or five occasions between October 2009 and April 2010, Defendant Walker, while in full police uniform and on duty as a Darby Township Police Officer, forced Plaintiff to have sexual intercourse with him in the Darby Township Police Station. (*Id.* ¶¶23-25).
>
> Sometime after April 2011, Defendant Walker continued to stalk Plaintiff. On one occasion, he located Plaintiff in a market place in Darby Township, and asked Plaintiff for her telephone number. (*Id.* ¶¶26-27). Hoping that he would leave her alone, Plaintiff gave Defendant Walker her telephone number. (*Id.* ¶28). Between April 2011 and the summer of 2011, Defendant Walker called Plaintiff's

---

[1] Defendant Walker did not file a motion to dismiss, but rather filed an answer to the amended complaint on November 18, 2013. [ECF 22].

2

residence "upwards to eight times a day on a daily basis," (*Id.* ¶¶29, 32), despite being told to stop calling her. (*Id.* ¶¶30).

Defendant Walker did not stop calling her until he was arrested and charged by the Delaware District Attorney's Office sometime in the summer of 2011. (*Id.* ¶¶32).

**LEGAL STANDARD**

As stated, when considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

A defendant may raise the statute of limitations as a defense by way of a motion to dismiss under Rule 12(b)(6), if the statute's application is apparent on the face of the complaint. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n. 1 (3d Cir. 1994).

**DISCUSSION**

It is well-settled that the statute of limitations period for a §1983 civil rights action is the limitations period for personal injury torts in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Plaintiff's cause of action arose in Darby Township, Pennsylvania. Thus, Pennsylvania's two-year statute of limitations governing personal injury claims applies to Plaintiff's civil rights claims. 42 Pa. C.S. §5524;[2] *Kach*, 589 F.3d at 634; *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003).

Determining when a federal cause of action accrues is a matter governed by federal law. *Wallace*, 549 U.S. at 388. Under federal law, a cause of action accrues, and the statute of limitations begins to run, as soon as a plaintiff either is aware, or should be aware, of the existence of and source of an injury. *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982). Generally, a cause of action accrues and the statute of limitations begins to run when "the first significant event necessary to make the claim suable" occurs. *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985).

---

[2] 42 Pa.C.S. §5524(2) provides that an action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence of another must be commenced within two years.

4

Fourth Amendment claims for false imprisonment are similar to those for false arrest as these are both "grounded in the Fourth Amendment guarantee against unreasonable seizures." *Gorman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). An arrest lacking probable cause, in violation of the Fourth Amendment, provides a plaintiff a claim under §1983 for false imprisonment based upon the detention made pursuant to the illegal arrest. *Id.* at 636. The statute of limitations for the alleged false imprisonment begins to run when the false imprisonment ends, *i.e.*, when the individual becomes detained pursuant to legal process or when released. *See Wallace*, 549 U.S. at 397; *Woodward v. Gillespie*, 1994 WL 561916 (E.D. Pa. Oct. 14, 1994) (citing *Rose v. Bartle*, 871 F.2d 331, 350 (3d Cir. 1989)); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). Although the amended complaint does not indicate that Plaintiff was formally arraigned for any crime, Plaintiff claims that she was detained and released on the same day after exposing her breast. The last time this type of scenario occurred – detained and released from custody – was in October 2009. At that point, the statute of limitations begins to run for the claim of false imprisonment, and Plaintiff had until October 2011 to bring this claim.

Here, Moving Defendants argue that all of the claims asserted against them should be dismissed because each allegation in the amended complaint is premised upon conduct that occurred in 2009 and 2010 and, thus, was barred by the applicable two-year statute of limitations. Plaintiff argues, however, that the statute of limitations should be tolled because her amended complaint asserts claims based upon a "continuing violation" and are, thus, timely. To make the necessary connection, Plaintiff alleges and relies upon Defendant Walker's conduct between April 2011 and the summer of 2011, when he is alleged to have repeatedly called Plaintiff on the telephone after she gave him her phone number in April 2011.

As stated, with minor exceptions, all of the events alleged in Plaintiff's amended complaint occurred more than two years before Plaintiff filed her complaint. The continuing violations doctrine on which Plaintiff relies provides: "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." *Cowell v. Palmer Township*, 263 F.3d 286, 292 (3d Cir. 2001).

As set forth by the Supreme Court in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), however, the continuing violation doctrine cannot be applied to conduct that is independently actionable.[3] In *O'Connor v. City of Newark*, 440 F.3d 125 (3d Cir. 2006), the Third Circuit explained *Morgan* as follows:

> *Morgan* established a bright-line distinction between discreet acts, which are individually actionable, and acts which are not individually actionable but may be aggregated to make out a hostile work environment claim. The former must be raised within the applicable limitations period or they will not support a lawsuit.

*Id.* at 127. Accordingly, where the conduct complained of consists of a discreet and actionable injury of which a reasonable plaintiff would have been aware, the doctrine has no application. *Id.*; *see also Seawright v. Greenberg*, 233 Fed. Appx. 145, 149 (3d Cir. 2007) (holding that continuing violation theory does not apply in cases where the plaintiff is aware of the injury at the time it occurred); *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 417 n. 6 (3d Cir. 2003) (same). Thus, "causes of action that can be brought individually expire with the applicable statute of limitations period." *O'Connor*, 440 F.3d at 128. *Morgan* merely restated the "common-sense proposition that an applicable statute of

---

[3] Though *Morgan* was a Title VII case, the Third Circuit has made it clear that its reasoning "appl[ies] with equal force to §1983 claims." *O'Connor v. City of Newark*, 440 F.3d 125, 128 (3d Cir. 2006).

limitations begins to run at the time the claim accrues, and that time-barred claims cannot be resurrected by being aggregated and labeled continuing violations." *Id.* at 128-29.

Based upon these decisions, the fact that the events alleged against Moving Defendants last occurred in 2010, and that the complaint was not filed until 2013, Plaintiff's §1983 claims against the Moving Defendants are time-barred. As described above, Plaintiff's claims against the Moving Defendants are premised upon Defendant Walker's alleged false arrest and detention of Plaintiff in August 2009, and October 2009, and his alleged rapes of Plaintiff between October 2009 and April 2010. Clearly, Defendant Walker's alleged acts which occurred between August 2009 and April 2010 are discreet acts, actionable on their own. As such, Plaintiff cannot save these time-barred claims by resorting to the continuing violation theory because that doctrine "will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action]. On discovering an injury and its cause, a claimaint must choose to sue or forego that remedy." *Barnes v. American Tobacco Co.*, 161 F.3d 127, 154 (3d Cir. 1998). Applying *Morgan*, these discreet acts cannot be aggregated into a continuing liability theory. Accordingly, each of Plaintiff's §1983 claims against the Moving Defendants is time-barred.

Plaintiff asserts as a separate count a so-called "Monell" claim under 42 U.S.C. §1983. Because this claim is also based upon the events that occurred and the injury Plaintiff allegedly suffered between August 2009 and April 2010, as a result of her unlawful detention and assault, this claim is also barred by the applicable two-year statute of limitations. 42 Pa. C.S. §5524; *Garvin*, 354 F.3d at 220.

The only allegations that refer to conduct occurring within the two-year statute of limitations period refer to Defendant Walker's repeated telephone calls made in April 2011. As discussed above, Plaintiff cannot rely upon this 2011 conduct to resurrect her otherwise time-

barred claims. In addition, the alleged 2011 conduct is insufficient to support a §1983 claim on its own. Section 1983 does not create substantive rights, but instead "provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." *Kopec v. Tate*, 361 F.3d 772, 775-76 (3d Cir. 2004). Thus, to establish a §1983 violation, the conduct complained of must constitute a violation of a constitutional or federal right.

Here, between April 2011 and the summer of 2011, Plaintiff alleges that Defendant Walker repeatedly called her home using the telephone number she gave him. Plaintiff appears to contend that this unsolicited attention or harassment constituted a substantive due process violation. When evaluating a substantive due process claim, a court must determine whether "the behavior of a governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

The Third Circuit has addressed similar circumstances in which verbal harassment or threats have failed to establish a substantive due process claim:

> [T]he District Court properly granted the Defendants' summary judgment motion because the statement made by Hicks was not so "egregiously unacceptable" or "inhumane" to be reasonably viewed as conduct that "shocks the conscience." *See Cruz-Erazo v. Rivera-Montanez*, 212 F.3d 617, 619-20, 622-24 (1st Cir. 2000) (holding police officers' repeated harassment and threatening phone calls were not so "egregiously unacceptable" as to "shock the conscience"); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 719, 726 (6th Cir.) (upholding summary judgment for soccer coach that verbally abused and slapped fourteen-year-old female student because his actions fell short of "brutal" or "inhumane" conduct that would "constitute a violation of substantive due process").

*Robinson v. Hicks*, 450 F. Appx. 168, 174-74 (3d Cir. 2011). Similarly, while Defendant Walker's 2011 conduct can be characterized as intrusive and offensive, this conduct is insufficient to give rise to a substantive due process claim.

8

In her amended complaint, Plaintiff also asserts state law claims of negligence, assault, intentional infliction of emotional distress, false imprisonment, false arrest, and harassment against the Moving Defendants. Because each of these state law claims is subject to the same two-year statute of limitations,[4] and is based upon the same 2009 and 2010 conduct, these claims are similarly time-barred.

To the extent Plaintiff's state law harassment claims against the Moving Defendants are based on Defendant Walker's 2011 telephone calls, the claims also fail as a matter of law. It is well-settled that Defendant Darby Township, as a municipal entity, is immune from claims for intentional torts under the Pennsylvania Political Subdivision Tort Claims Act (the "Act"), 42 Pa. C.S. §8541, *et seq.*, unless an exception applies.[5] Plaintiff's harassment claim against Defendant Darby Township does not fall within any of the enumerated exceptions, and as such is also legally barred. The Act provides immunity to individual police officers, including Defendant Chief of Police Robert H. Thompson, unless the conduct alleged constitutes "willful misconduct" within the meaning of 42 Pa. C.S. §8550. As Plaintiff has not alleged any facts that could establish willful misconduct on the part of Defendant Thompson, her state law claims (including the harassment claim) against Defendant Thompson are also legally barred. *See Walden v. Borough of Upper Darby*, 77 F. Supp.2d 655, 659 (E.D. Pa. 1999).

---

[4] *See* 42 Pa.C.S. §5524 (providing two-year statute of limitations for claims of negligence, assault, false imprisonment, false arrest, and claims for injuries to the person).

[5] The eight exceptions that allow liability to be imposed on a local agency are: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody, or control of animals. 42 Pa. C.S. §8542; *see also Jones v. City of Philadelphia*, 893 A.2d 837, 843, n. 4 (Pa. Cmwlth. 2006).

**CONCLUSION**

For the foregoing reasons, Moving Defendants' motion to dismiss is granted. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, J.