## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE TOZER | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 13-2005 |
| v. | : | |
| | : | |
| DARBY PA, *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                        April 7, 2014

## MEMORANDUM OPINION

### INTRODUCTION

Before the Court is Defendant Kevin Walker's *motion for judgment on the pleadings*, filed pursuant to Federal Rule of Civil Procedure (Rule) 12(c), which seeks the dismissal of the claims asserted against him on the basis of the expiration of the statute of limitations. [ECF 31]. Stephanie Tozer ("Plaintiff") has not filed a response to the motion, and the time to do so has passed. The motion for judgment on the pleadings is, therefore, ripe for consideration. For the reasons stated herein, Defendant's motion for judgment on the pleadings is granted.

### BACKGROUND

On April 15, 2013, Plaintiff filed a civil rights action asserting various 42 U.S.C. § 1983 ("§1983") and state law claims against Defendants Darby Township, Chief of Police Robert H. Thompson (collectively, the "Township Defendants"), and Kevin Walker ("Defendant Walker"). [ECF 1]. The complaint was amended on April 25, 2013. [ECF 3].

On October 31, 2013, the Township Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). [ECF 21]. Defendant Walker did not join the motion to dismiss. Instead, on

1

November 18, 2013, he filed an answer to the amended complaint, and asserted affirmative

defenses, including, the expiration of the statute of limitations and a failure to state a claim.

[ECF 22].

By Order dated March 6, 2014, the Township Defendants' motion to dismiss, which was

based primarily on the argument that the statute of limitations had expired, was granted.  [ECF

29].  On March 17, 2014, Defendant Walker filed this motion for judgment on the pleadings

pursuant to Rule 12(c).

When ruling on a motion for judgment on the pleadings, this Court accepts, as true, the

following relevant allegations in Plaintiff's amended complaint:

> Sometime in August 2009, Plaintiff and Clarence Hutt were taken into custody by Darby Township Police Officer Kevin Walker, and detained for several hours in a cell at the Darby Township Police Station.  (Amend. Comp. ¶¶ 9-10).  During her detention, Defendant Walker and an unnamed officer ordered Plaintiff to expose her breast under the guise that this was part of their search.  (*Id.* ¶11).  Fearing for her safety, Plaintiff complied and exposed her breast.  (*Id.* ¶13).

> In October 2009, Plaintiff was with another friend in Darby Township, when Defendant Walker approached and arrested Plaintiff's friend for possession of alcohol and marijuana.  (*Id.* ¶15)  Although Plaintiff did not possess either alcohol or marijuana, Defendant Walker placed Plaintiff in custody for several hours.  (*Id.* ¶16).  While in custody, Plaintiff was told by an unnamed officer that she would only be released after she exposed her breast to Defendant Walker.  (*Id.* ¶16).  Fearful of the police, Plaintiff exposed her breast and was then released from custody.  (*Id.* ¶17).

> Sometime thereafter, Defendant Walker's conduct was reported to the Darby Township Chief of Police by Leroy Jay, a friend of Plaintiff.  (*Id.* ¶19).

> On four or five occasions between October 2009 and April 2010, Defendant Walker, while in full police uniform and on duty as a Darby Township Police Officer, forced Plaintiff to have sexual intercourse with him in the Darby Township Police Station.  (*Id.* ¶¶23-25).

> Sometime after April 2011, Defendant Walker continued to stalk Plaintiff. On one occasion he located Plaintiff in a market place in Darby Township, and asked Plaintiff for her telephone number.  (*Id.* ¶27).  Hoping that he would leave

her alone on the street, Plaintiff gave Defendant Walker her telephone number. (*Id.* ¶28). Between April 2011 and the summer of 2011, Defendant Walker called Plaintiff's residence "upwards to eight times a day on a daily basis," (*Id.* ¶¶29, 32), despite being told to stop calling her. (*Id.* ¶30). Defendant Walker did not stop until the summer of 2011, when he was arrested and charged by the Delaware District Attorney's Office. (*Id.* ¶32).

**LEGAL STANDARD**

After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss filed pursuant to Rule 12(b)(6). *Caprio v. Healthcare Revenue Recovery Group*, 709 F.3d 142, 146-47 (3d Cir. 2013). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff

must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'"

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at

570).

A defendant may raise the statute of limitations as a defense by way of a motion for

judgment on the pleadings under Rule 12(c), if the statute's application is apparent on the face of

the complaint. *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994); *Voicheck v. Ford Motor*

*Co.*, 2013 WL 1844273, *4 (E.D. Pa. May 2, 2013) (granting motion for judgment on the

pleadings on statute of limitations grounds).

## DISCUSSION

In the amended complaint, Plaintiff asserts federal claims of conspiracy to violate the

rights secured by the Fourth, Fifth and Fourteenth Amendments of the Constitution; violation of

the right to be secure from unreasonable search and seizure, and freedom from arrest; violation

of equal protection; and failure to train and supervise (*i.e.*, a *Monell* claim). [ECF 3].

It is well-settled that the statute of limitations period for a §1983 civil rights action is the

limitations period for personal injury torts in the state where the cause of action arose. *Wallace*

*v. Kato*, 549 U.S. 384, 387 (2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Plaintiff's

cause of action arose in Darby Township, Pennsylvania. Thus, Pennsylvania's two-year statute

of limitations governing personal injury claims applies to Plaintiff's civil rights claims. 42 Pa.

C.S. §5524;[1] *Kach*, 589 F.3d at 634; *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir.

2003).

---

[1] 42 Pa.C.S. §5524(2) provides that an action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence of another must be commenced within two years.

4

Determining when a federal cause of action accrues is a matter governed by federal law. *Wallace*, 549 U.S. at 388. Under federal law, a cause of action accrues, and the statute of limitations begins to run, as soon as a plaintiff either is aware, or should be aware, of the existence of and source of an injury. *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982). Generally, a cause of action accrues and the statute of limitations begins to run when "the first significant event necessary to make the claim suable" occurs. *Ross v. Johns-Manville Corp.,* 766 F.2d 823, 826 (3d Cir. 1985).

Fourth Amendment claims for false imprisonment are similar to those for false arrest as these are both "grounded in the Fourth Amendment guarantee against unreasonable seizures." *Gorman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). An arrest lacking probable cause, in violation of the Fourth Amendment, provides a plaintiff a claim under §1983 for false imprisonment based upon the detention made pursuant to the illegal arrest. *Id.* at 636. The statute of limitations for the alleged false imprisonment begins to run when the false imprisonment ends, *i.e.*, when the individual becomes detained pursuant to legal process or when released. *See Wallace*, 549 U.S. at 397; *Woodward v. Gillespie*, 1994 WL 561916 (E.D. Pa. Oct. 14, 1994) (citing *Rose v. Bartle*, 871 F.2d 331, 350 (3d Cir. 1989)); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). Although the amended complaint does not indicate that Plaintiff was formally arraigned for any crime, Plaintiff claims that she was detained and released on the same day after exposing her breast. The last time this type of scenario occurred – detained and released from custody – was in October 2009. That is the date the statute of limitations begins to run for the claim of false imprisonment. Thus, Plaintiff had until October 2011 to bring this claim and she did not.

In the motion for judgment on the pleadings, Defendant Walker argues that all of the claims asserted against him should similarly be dismissed because each assertion is premised upon conduct that occurred in 2009 and/or 2010 and, thus, barred by the applicable two-year statute of limitations. As stated, with the exceptions of events that occurred between April 2011 and the summer of 2011, all other events alleged in Plaintiff's amended complaint occurred more than two years before Plaintiff filed her complaint. As to those events between April 2011 and the summer of 2011, Plaintiff asserts that Defendant Walker repeatedly called her on the telephone after she gave him her phone number in April 2011. Thus, this particular allegation may be considered under the continuing violations doctrine.

The continuing violations doctrine provides: "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." *Cowell v. Palmer Township*, 263 F.3d 286, 292 (3d Cir. 2001). As set forth by the Supreme Court in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), however, the continuing violation doctrine cannot be applied to conduct that is independently actionable.[2] In *O'Connor v. City of Newark*, 440 F.3d 125 (3d Cir. 2006), the Third Circuit summarized *Morgan* as follows:

> *Morgan* established a bright-line distinction between discreet acts, which are individually actionable, and acts which are not individually actionable but may be aggregated to make out a hostile work environment claim. The former must be raised within the applicable limitations period or they will not support a lawsuit.

*Id.* at 127. Accordingly, where the conduct complained of consists of a discreet and actionable injury of which a reasonable plaintiff would have been aware, the doctrine has no application.

---

[2] Though *Morgan* was a Title VII case, the Third Circuit has made it clear that its reasoning "appl[ies] with equal force to §1983 claims." *O'Connor v. City of Newark*, 440 F.3d 125, 128 (3d Cir. 2006).

*O'Connor*, 440 F.3d at 127; *see also Seawright v. Greenberg*, 233 Fed. Appx. 145, 149 (3d Cir. 2007) (holding that continuing violation theory does not apply in cases where the plaintiff is aware of the injury at the time it occurred); *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 417 n. 6 (3d Cir. 2003) (same). Thus, "causes of action that can be brought individually expire with the applicable statute of limitations period." *O'Connor*, 440 F.3d at 128. *Morgan* merely restated the "common-sense proposition that an applicable statute of limitations begins to run at the time the claim accrues, and that time-barred claims cannot be resurrected by being aggregated and labeled continuing violations." *Id.* at 128-29.

Based upon these decisions and the fact that the complaint was not filed until 2013, Plaintiff's §1983 claims against Defendant Walker are time-barred. As described above, Plaintiff's claims against Defendant Walker are premised upon Defendant Walker's alleged false arrest and detention of Plaintiff in August 2009, and October 2009, and the alleged rapes of Plaintiff between October 2009 and April 2010. Clearly, Defendant Walker's alleged acts which occurred between August 2009 and April 2010 are discreet acts, actionable on their own. As such, Plaintiff cannot save these time-barred claims by resorting to the continuing violation theory because that doctrine "will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action]. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." *Barnes v. American Tobacco Co.*, 161 F.3d 127, 154 (3d Cir. 1998). Applying *Morgan*, these discreet acts cannot be aggregated into a continuing liability theory. Accordingly, each of Plaintiff's §1983 claims against Defendant Walker is time-barred.[3]

---

[3] It is not clear from Plaintiff's amended complaint whether she asserts her "*Monell*" claim against Defendant Walker. Regardless, because this claim is also based upon the events that occurred and the injury Plaintiff allegedly suffered between August 2009 and April 2010, as a result of her unlawful

The only allegations that refer to conduct occurring within the two-year statute of limitations period refer to Defendant Walker's repeated telephone calls made in April 2011. As discussed above, Plaintiff cannot rely upon this 2011 conduct to resurrect her otherwise time-barred claims, nor is the alleged 2011 conduct sufficient to support a §1983 claim on its own. Section 1983 does not create substantive rights, but merely "provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." *Kopec v. Tate*, 361 F.3d 772, 775-76 (3d Cir. 2004). Thus, to establish a §1983 violation, the conduct complained of must constitute a violation of a constitutional or federal right.

Here, during said time frame, Plaintiff alleges that Defendant Walker repeatedly called her home using the telephone number she gave him. Plaintiff appears to contend that this unsolicited attention or harassment constituted a substantive due process violation. When evaluating a substantive due process claim, a court must determine whether "the behavior of a governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

The Third Circuit has addressed similar circumstances in which verbal harassment or threats have failed to establish a substantive due process claim:

> [T]he District Court properly granted the Defendants' summary judgment motion because the statement made by Hicks was not so "egregiously unacceptable" or "inhumane" to be reasonably viewed as conduct that "shocks the conscience." *See Cruz-Erazo v. Rivera-Montanez,* 212 F.3d 617, 619-20, 622-24 (1st Cir. 2000) (holding police officers' repeated harassment and threatening phone calls were not so "egregiously unacceptable" as to "shock the conscience"); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 719, 726 (6th Cir.) (upholding summary judgment for soccer coach that verbally abused and slapped fourteen-year-old female student

---

detention and assault, this claim is also barred by the applicable two-year statute of limitations. 42 Pa. C.S. §5524; *Garvin*, 354 F.3d at 220.

> because his actions fell short of "brutal" or "inhumane" conduct
> that would "constitute a violation of substantive due process").

*Robinson v. Hicks*, 450 F. Appx. 168, 174-74 (3d Cir. 2011). Similarly, while Defendant

Walker's 2011 described conduct can be characterized as intrusive and offensive, this alleged

conduct is insufficient to give rise to a substantive due process claim.

In the amended complaint, Plaintiff also asserts state law claims of negligence, assault,

intentional infliction of emotional distress, false imprisonment, false arrest, and harassment

against Defendant Walker. Plaintiff relies upon supplemental jurisdiction to support this Court's

jurisdiction over these state law claims. (*See* Amend. Comp. at ¶1). Because this Court has

dismissed all of Plaintiff's federal claims over which it has original jurisdiction, pursuant to 28

U.S.C. §1367(c)(3), it declines to exercise supplemental jurisdiction over Plaintiff's remaining

state law claims. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) ("If the federal

claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state

claims should be dismissed as well."); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d

Cir. 1999); *Eberts v. Wert*, 1993 WL 304111, *5 (E.D. Pa. Aug. 9, 1993) (holding that "Courts

should ordinarily decline to exercise supplemental jurisdiction over state law claims when the

federal claims are dismissed.").

**CONCLUSION**

For the foregoing reasons, Defendant Walker's motion for judgment on the pleadings is

granted. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, J.